# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOHNNIE CEPHUS FENN, JR.,** **#735082** : | |
| Plaintiff, : | |
| vs. : | Civil Action 18-0116-WS-N |
| **NURSE PRACTIONER AKNEE,** *et al.*, : | |
| : | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983 while incarcerated at the Mobile County Metro Jail ("Metro Jail"). His action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(R). Upon review the Court's file in this action and plaintiff's other actions on the Court's docket, it is recommended that this action be dismissed without prejudice for failure to comply with the Court's order and to prosecute this action.

Because plaintiff was granted *in forma pauperis* status under 28 U.S.C. § 1915, the Court screened plaintiff's complaint (Doc. 1), as required by 28 U.S.C. § 1915(e)(e)(B). During the screening of plaintiff's complaint, the Court discovered that plaintiff has filed two other actions on the Court's docket, each of which contain an order sent to plaintiff at the Metro Jail that was returned with the notation "return to sender no longer here," *Fenn v. Captain Stalworth*, CA 18-0184-KD-M (S.D. Ala. pending) (Doc.

6), and *Fenn v. Sgt. Davis*, CA 18-0186-KD-M (S.D. Ala. pending) (Doc. 3).[1]  The returned mail in these actions is the last entry on each docket.  Thereupon, the Court has examined the website for the Metro Jail (www.mobileso.com/whos-in-jail/) (last visited Aug. 10, 2018) and for the Alabama Department of Corrections (www.doc.state.al.us/InmateSearch) (last visited August 10, 2018), and discovered that plaintiff is not in the custody of either entity.  Plaintiff was warned on the complaint form that he must advise the Court immediately, in writing, of any change in his address or his action would be dismissed for failure to prosecute and to obey the Court's order, in addition to being warned of the same in the Court's order dated March 13, 2018.  (Doc. 1 at 7, Doc. 3 at 2).  Because plaintiff is no longer at the Metro Jail, which is the only address that he provided to the Court, and with the Court finding no other address for him in his actions on this Court's docket, it appears that plaintiff has abandoned the prosecution of this action.

Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).  The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered an inherent power of the court.  *Id.* at 630, 82 S.Ct. at 1389; *see Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Servs., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.");

---

[1] The Court takes judicial notice of its records.  *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

*Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *see generally Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions will not suffice). Accordingly, it is recommended that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendation where the

disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this ___22nd__ day of August, 2018.

       s/ Katherine P. Nelson
       **UNITED STATES MAGISTRATE JUDGE**